FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 14  AM 11: 06

LORETTA G. WHYTE
    CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES UCLESS FOBB | CIVIL ACTION |
| VERSUS | NO. 05-2530 |
| ATTORNEY GENERAL, STATE OF LA | SECTION "I" (2) |

### REPORT AND RECOMMENDATION

This is a petition seeking habeas corpus relief as to the petitioner's November 1969 conviction in Jefferson County, Texas, which is located in the Eastern District of Texas, Beaumont Division. In that case, petitioner, Charles Ucless Fobb, received a sentence of life imprisonment, but he is currently paroled and residing in Beaumont, Texas. Fobb alleges that his Texas life sentence was illegally enhanced using a prior (expired) 1953 Louisiana conviction.

More than 50 years ago, Fobb pled guilty to aggravated burglary in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, and was sentenced as a habitual offender to 10 years imprisonment. He completed that prison term. In the

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____

instant case, Fobb is attempting to challenge his conviction and enhanced sentence in Texas by challenging the decades-old Louisiana conviction upon which the enhancement of his Texas sentence to a life in prison was based.

To be eligible for federal habeas corpus relief, a petitioner must be "in custody" and must have exhausted his available state court remedies. Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987). 28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis added); 28 U.S.C. § 2254(a).

The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be "in custody" for the conviction or sentence under attack at the time the petition is filed. Lackawanna County Dist. Attorney v. Coss, 121 S. Ct. 1567, 1572 (2001) (emphasis added); Maleng, 490 U.S. at 490-91 (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)); Garlotte v. Fordice, 29 F.3d 216, 217 (5th Cir. 1994), rev'd on other grounds, 515 U.S. 39 (1995). The Maleng Court further held that a habeas petitioner is not "in custody" when his sentence has expired for the challenged conviction. Maleng, 490 U.S. at 492 (citing Carafas, 391 U.S. at 238); accord Steverson

2

v. Summers, 258 F.3d 520, 524 (6th Cir. 2001); Pleasant v. State, 134 F.3d 1256, 1258 (5th Cir. 1998).

Whether a petitioner is "in custody" is determined as of the date on which the habeas petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998); Carafas v. LaVallee, 391 U.S. 234, 238 (1968); Port v. Heard, 764 F.2d 423, 425 (5th Cir. 1985). When the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody. Carafas, 391 U.S. at 238; Port, 764 F.2d at 425.

Fobb filed his petition in this court on June 20, 2005. At that time, he was not in custody for the Louisiana conviction being challenged herein. Thus, this court lacks jurisdiction to review his challenge to the Louisiana conviction.

At the time of filing, if Fobb was "in custody" at all, it was on the Texas conviction, which he asserts was illegally enhanced to life in prison. Petitioner was convicted in Jefferson County in Beaumont Texas. Rec. Doc. No. 1, Petition at p. 7. Jefferson County, Texas, is located within the Eastern District of Texas, Beaumont Division. 28 U.S.C. § 124(c)(2). Petitioner is currently on parole and residing in Beaumont, Texas, within Jefferson County, which is located within the Eastern District of Texas, Beaumont Division. 28 U.S.C. § 124(c)(2).

3

> 28 U.S.C. § 2241(d) provides:
>
> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, <u>the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him</u> and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

(emphasis added). The United States Court of Appeals for the Fifth Circuit has held that this statute is jurisdictional. <u>Webb v. Beto</u>, 362 F.2d 105, 108 (5th Cir. 1966), <u>cert. denied</u>, 385 U.S. 940, <u>reh'g denied</u>, 386 U.S. 930 (1967). Thus, this court lacks subject matter jurisdiction to consider Fobb's petition, since Fobb is not incarcerated in this district, either at the time he filed his complaint or currently, and he was not convicted or sentenced in this district. Fobb has no discernable connection with this district.

In addition, however, because this court lacks jurisdiction, it also lacks authority to transfer the petition to the Eastern District of Texas, Beaumont Division, where Fobb is currently in custody on parole and where he was convicted. Although some courts have held that such transfer orders may be made, <u>United States ex rel. Ayala v. Tubman</u>, 366 F. Supp. 1268, 1269-71 (E.D.N.Y. 1973); <u>United States ex rel. Ruffin v. Mancusi</u>, 300 F. Supp. 686, 686 (E.D.N.Y. 1969), the better view appears to be that when a habeas

4

corpus petitioner files his petition in a district court that lacks subject matter jurisdiction to grant relief, that court also lacks authority to transfer the case to a court of proper jurisdiction. United States ex rel. Jimenez v. Convoy, 310 F. Supp. 801, 802 (S.D.N.Y. 1970); United States ex rel. Griffin v. LaVallee, 270 F. Supp. 531, 532 (E.D.N.Y. 1967).

Despite the arguably laudatory purposes of transferring such petitions to the correct district (e.g., saving a pro se petitioner the time and expense of refiling), prohibiting such transfers is the better view because "(t)he defect [in such an improperly filed habeas petition] is not merely one of improper venue, but of lack of subject matter jurisdiction, which is fundamental and cannot be disregarded." Jimenez, 310 F. Supp. at 802 (emphasis added). Even a thoroughly and somewhat persuasively reasoned decision like Ayala primarily bases its view that a transfer order is permissible on an interpretation indicating that Section 2241(d) is more in the nature of a venue statute than a jurisdictional statute. 366 F. Supp. at 1270.

While there is certainly case law authority to support transfer of this case to the Eastern District of Texas, a literal interpretation of the statute, particularly its express use of the word "jurisdiction" rather than venue and the clear implication of its second sentence that a permissible transfer is only from one court with jurisdiction to another with jurisdiction, coupled with the Fifth Circuit's clear holding in Webb that the statute

is jurisdictional, persuades me that because this court lacks subject matter jurisdiction, it should not address the case further. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court <u>shall dismiss the action</u>." Fed. R. Civ. P. 12(h)(3)(emphasis added).

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that the above-captioned action be dismissed <u>without</u> prejudice for lack of subject matter jurisdiction. Petitioner is instructed that if he seeks federal habeas corpus relief he must file his petition in the Eastern District of Texas, Beaumont Division, in Beaumont, Texas.

In the alternative, **IT IS RECOMMENDED** that, if the district judge determines that transfer is the preferable remedy, the case be transferred to the Eastern District of Texas, Beaumont Division, where petitioner was convicted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 14th day of July, 2005.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE